IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| RANDALL BYARS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:22-CV-2912-E |
| | § | |
| WALMART INC., WALMART, | § | |
| WALMART STORE 5823, and | § | |
| TONY BUDGEWATER a/k/a ANTONION | § | |
| BUDGEWATER | § | |
| | § | |
| Defendants. | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

Before the Court is Plaintiff Randall Byars's ("Plaintiff") Motion to Remand (the "Motion to Remand"). (ECF No. 4). Having considered the motion, the response, the relevant portions of the record, and the relevant law, the Court concludes the Motion to Remand should be, and therefore is, **DENIED**.

## I. BACKGROUND

This is a slip-and-fall case. On November 24, 2020, Plaintiff shopped at a Walmart store in Dallas County, Texas. (ECF No. 1-3, pg. 3). Plaintiff alleges that he "fell and was injured on the premises . . . as a direct and proximate result of the negligence and gross negligence of Defendants[.]" (ECF No. 1-3, pg. 3). On November 23, 2022, Plaintiff filed suit against Defendants Walmart, Inc., Walmart, Walmart Store 5823 (collectively, the "Walmart Defendants"), and Tony Budgewater a/k/a Antonion Budgewater ("Budgewater") in the 298th District Court of Dallas, County Texas, Cause No. DC-22-16232 (the "State Court Action"). (ECF No. 1-3).

On December 29, 2022, the Walmart Defendants removed this case to federal court. In their Notice of Removal, the Walmart Defendants argue that Plaintiff attempted defeat diversity

jurisdiction by naming Budgewater as a defendant. (ECF No. 1, pg. 5). Plaintiff is a citizen of the

State of Texas. (ECF 1-3, pg. 1). Defendant Walmart, Inc. is incorporated in the State of Delaware

and has its principal place of business in the State of Arkansas. (ECF No. 1, pg. 2). Thus, Defendant

Walmart, Inc. is a citizen of both Delaware and Arkansas for the purposes of diversity jurisdiction.

Plaintiff sued and served Walmart and Walmart Store 5823, which—according to the

Walmart Defendants—are not entities. (ECF No. 1, pg. 2). According to the Notice of Removal:

> The correct corporate (operating) entity/Defendant is Wal-Mart Stores Texas, LLC. Wal-Mart Stores Texas, LLC is now and was at the time of the filing of this action a Delaware Limited Liability Company with its principal place of business in Arkansas. The citizenship of an LLC is the same as the citizenship of all its members. *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008). Wal-Mart Real Estate Business Trust is the sole member of Wal-Mart Stores Texas LLC. Wal-Mart Real Estate Business Trust is a statutory business trust organized under the laws of Delaware with its principal place of business in Arkansas. Wal-Mart Property Co. is the sole trustee of Wal-Mart Real Estate Business Trust. Wal-Mart Property Co. is a Delaware corporation with its principal place of business in Arkansas. Wal-Mart Stores East, LP is the sole owner of Wal-Mart Property Co. Wal-Mart Stores East, LP is a Delaware Limited Partnership with its principal place of business in Arkansas. WSE Management, LLC is the general partner, and WSE Investment, LLC is the limited partner of Wal-Mart Stores East, LP. WSE Management, LLC and WSE Investment, LLC are both Delaware Limited Liability Companies with their principal place of business in Arkansas. The sole member of WSE Management, LLC and WSE Investment, LLC is Wal-Mart Stores East, LLC. Wal-Mart Stores East, LLC is a limited liability company organized under the laws of the State of Arkansas with its principal place of business in Arkansas. Walmart Inc. is the sole owner of Wal-Mart Stores East, LLC. Accordingly, for diversity purposes, Wal-Mart is a citizen of Delaware or Arkansas.

(ECF No. 1, pgs. 2-3). Budgewater is a citizen of the State of Texas. However, other than naming

Budgewater as a party and providing the address at which he may be served, Plaintiff's State Court

Petition does not allege any facts against Budgewater. Plaintiff does not identify a cause of action

against Budgewater—he asserts claims of negligence and gross negligence, but his allegations

refer to "Defendants" and do not specify to whom Plaintiff refers. While Plaintiff makes no factual

allegations regarding Budgewater in his State Court Petition, Plaintiff's Motion to Remand states

that Budgewater is the store manager of the Walmart store at which Plaintiff was allegedly injured.

(ECF No. 5, pg. 1). Plaintiff provides the Court no evidence in support of this statement.

## II. LEGAL STANDARD

Title 28 U.S.C. § 1441(a) permits removal of "any civil action brought in [s]tate court of which the district courts of the United States would have original jurisdiction." 28 U.S.C. § 1441(a). The statute allows a defendant to "remove a state court action to federal court only if the action could have originally been filed in federal court." *Anderson v. American Airlines, Inc.*, 2 F.3d 590, 593 (5th Cir. 1993). However, "[b]ecause removal raises significant federalism concerns, the removal statute must be strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotations omitted); *see also Shamrock Oil & Gas Corporation v. Sheets*, 313 U.S. 100, 108-109 (1941). "The removing party bears the burden of showing that federal jurisdiction exists and that removal was proper." *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002); *see Gutierrez*, 543 F.3d at 251.

This case was removed based on diversity jurisdiction per 28 U.S.C. § 1332. (ECF No. 1). Diversity jurisdiction requires complete diversity whereby "all persons on one side of the controversy [are] citizens of different states than all persons on the other side." *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1079 (5th Cir. 2008). This Court can exercise jurisdiction on the basis of diversity of citizenship after removal only if three requirements are met: (1) the parties are of completely diverse citizenship, *see* 28 U.S.C. § 1332(a); (2) the case involves an amount in controversy greater than $75,000; and (3) none of the properly joined defendants is a citizen of the state in which the case is brought. *See* 28 U.S.C. §§ 1332(a), 1441(b).

Even if a defendant has the same citizenship as the plaintiff, a federal court may exercise removal jurisdiction if the plaintiff has improperly joined the non-diverse defendant. *See Campbell*

*v. Stone Ins. Inc.* 509 F.3d 665, 669 (5th Cir. 2007) ("The doctrine of improper joinder is a narrow exception to the rule of complete diversity[.]") (internal quotations omitted). There are two ways to establish improper joinder: (1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court. *Smallwood v. Illinois Cent. R. Co.*, 385 F.3d 568, 573 (5th Cir. 2004). In the instant case, only the latter method of proving improper joinder is at issue.

To assess whether a plaintiff can establish a cause of action against a non-diverse party in state court, courts conduct a "Rule 12(b)(6)-type analysis." *Int'l Energy Ventures Mgmt., L.L.C. v. United Energy Grp.*, Ltd., 818 F.3d 193, 200 (5th Cir. 2016). "[T]he Rule 12(b)(6) analysis necessarily incorporates the *federal* pleading standard[.]" *Id.* (emphasis in original). Thus, to survive this analysis, a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court accepts well-pleaded facts as true and construes the State Court Petition in the light most favorable to Plaintiff. *Gines v. D.R. Horton, Inc.*, 699 F.3d 812, 816 (5th Cir. 2012).

### III. ANALYSIS

The Court concludes that Plaintiff improperly joined Budgewater as a defendant because Plaintiff is unable to establish a cause of action against him. As such, there is complete diversity between Plaintiff and the properly joined defendants. Thus, the Court concludes that it has subject matter jurisdiction in this case and denies the Motion to Remand.

In the Notice of Removal, the Walmart Defendants argue there is no reasonable possibility Plaintiff can establish a cause of action against Budgewater in state court because, under Texas law, Budgewater did not have the independent duty of care necessary to establish a premises

liability or negligence claim against him. (ECF No. 1, pgs. 5-6). The Walmart Defendants contend that:

> Under Texas law, an owner or occupier of land—like Walmart—generally has a duty to use reasonable care to make and keep the premises under its control safe for business invitees. *Graham v. Olivo*, 952 S.W.2d 523, 527 (Tex. 1997). A company, being a legal faction [(sic)], can only act through its agents. *See Howard v. Burlington Ins. Co.*, 347 S.W.3d 783, 795 (Tex. App.-Dallas 2011, no pet.). As such, an employee is not personally liable for the employee's acts or omissions that fall within the course and scope of employment. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996).
>
> In Texas, individual liability arises only when the officer or agent owes an independent duty of reasonable care to the injured party apart from the employer's duty of care. *Leitch v. Hornsby*, 935 S.W.2d 114, 117 (Tex. 1996). The Supreme Court of Texas held the actions of the individual defendants were actually only the actions of officers on behalf of their employer and were therefore deemed to be acts of the employer. *Id.* The non-delegable duty was imposed on, and belonged solely to, the employer and there were no viable claims against the individual officer. *Id.* (emphasis added). While the *Leitch* holding was based on workplace safety, the Supreme Court of Texas extended its holding to premises liability cases in *Tri v. J.T.T.*, 162 S.W.3d 552, 562 (Tex. 2005). Therefore, based on *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store employee for duties performed within the scope of the employee's duties.

(ECF No. 1, pgs. 5-6). The Walmart Defendants argue that Plaintiff—in failing to plead any facts relating to Budgewater—has failed to identify: (1) an individual and independent duty that Budgewater owed to Plaintiff; and (2) an alleged breach of that duty or act of negligence. (ECF No. 1, pg. 6).

In the Motion to Remand, Plaintiff argues that premises liability claims against store managers are recognized in Texas, relying on *S.H. Kress & Co. v. Selph*, 250 S.W.2d 883, 893 (Tex. App.—Beaumont 1952, writ denied), and *Wal-Mart Stores, Inc. v. Deggs*, 971 S.W.2d 72, 74 (Tex. App.—Beaumont 1998), *rev'd on other grounds by* 968 S.W.2d 354 (Tex. 1998). However, as pointed out by the Southern District of Texas, those cases predate *Leitch* and *Tri.* The Southern District has explained that:

> By extending the holding in *Leitch* to premises liability actions, the *Tri* court . . .

> effectively overrul[ed] the *Selph* and *Deggs* decisions. After *Tri*, there is no reasonable possibility that a plaintiff can bring a claim under Texas law against a store manager for duties performed within the scope of the employee's duties.

*Solis v. Wal-Mart Stores E., L.P.*, 617 F. Supp. 2d 476, 481 (S.D. Tex. 2008). The Court agrees. Plaintiff's cited authorities do not support his assertion that he has stated a viable cause of action against Budgewater, especially since the State Court Petition fails to even identify Budgewater as the manager of the Walmart store at which Plaintiff was allegedly injured.

This conclusion is supported by the array of recent district court opinions determining that plaintiffs cannot bring claims against store managers under Texas law where the manager's only involvement in the claim was indirect as a function of their role as manager or the plaintiff failed to allege any direct involvement. *See, e.g.*, *Monreal v. Walmart Inc.,* No. 2:21-CV-00278, 2022 WL 500588 (S.D. Tex. Feb. 18, 2022) (adopting magistrate judge's recommendation that plaintiff's motion to remand be denied because the plaintiff failed to state a viable claim against a store manager based solely on the manager's employment); *Ille v. Lowe's Home Centers, LLC*, No. 1:20-CV-143-H, 2020 WL 10936102, at *3-4 (N.D. Tex. Oct. 21, 2020) (denying motion to remand where plaintiff did not plead store manger's duty or how it was independent from the duty the store owed); *Padilla v. Wal-Mart Sores Tex., LLC*, No. EP-19-cv-004-KC, 2019 WL 2565260, at *3 (W.D. Tex. Apr. 9, 2019) (denying motion to remand where plaintiff failed to allege facts supporting a finding that the store manager had an independent duty or had any role in causing the alleged injuries); *Bourne v. Wal-Mart Stores, Inc.*, 582 F. Supp. 2d 828, 838 (E.D. Tex. 2008) (denying motion to remand where plaintiff did not allege facts supporting a finding that the store manager owed the plaintiff a duty of care independent from the store's duty of care).

Plaintiff's State Court Petition pleads no facts relating to Budgewater. It does not assert any allegations supporting a conclusion that Budgewater owed Plaintiff a duty of care independent of that of the Walmart Defendants. Nor does it allege that Budgewater personally directed or

---

participated in any of the allegedly negligent acts. Under these circumstances, the Court must conclude the State Court Petition does not provide any reasonable basis for the Court to determine that Plaintiff has a viable cause of action against Budgewater under state law. Thus, the Court concludes that Plaintiff has improperly joined Budgewater as a defendant. Because there is complete diversity between Plaintiff and the properly joined defendants, the Court concludes that it has subject matter jurisdiction over this case and denies the Motion to Remand.

### IV.  CONCLUSION

For the foregoing reasons, the Court **DENIES** the Motion to Remand. In their response to the Motion to Remand, the Walmart Defendants requested that the Court dismiss Budgewater as a defendant. However, a request for dismissal must be made by motion. *See* FED. R. CIV. P. 12(b). Accordingly, the Walmart Defendants may move for dismissal of Budgewater as a defendant by separate motion to be filed no later than **July 19, 2023, at 5:00 pm.**

**SO ORDERED:** July 10, 2023.

Ada Brown
UNITED STATES DISTRICT JUDGE